# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7378 | **DATE** | October 10, 2012 |
| **CASE TITLE** | Walter Powell (#2012-0808220) v. Roger Murphy | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [#3] is denied. Plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 3/17/2012 through 9/17/2012. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Plaintiff with a blank i.f.p. petition along with a copy of this order and to forward a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

Plaintiff has filed this cause of action pursuant to the Civil Rights Act, 28 U.S.C. § 1983. Plaintiff alleges that Defendant subjected him to false arrest on August 23, 2011. Plaintiff has failed either to pay the $350.00 filing fee or file a properly completed application to proceed *in forma pauperis*. His application to proceed *in forma pauperis* is incomplete and is denied.

An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. Plaintiff's application is not certified by a prison official. Plaintiff is reminded that the certification must be properly completed and executed by an authorized officer of his correctional institution.

To enable the Court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has also failed to include copies of his prison trust fund ledgers from the past six months.

In short, if Plaintiff wants to proceed with this lawsuit, he must submit a properly certified i.f.p. petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from March 17, 2012, through September 17, 2012]. The Clerk will provide Plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). If Plaintiff submits another improperly certified i.f.p. application, this case will be summarily dismissed pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

AWL