# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7378 | **DATE** | January 10, 2013 |
| **CASE TITLE** | Walter Powell (#B-51121) v. Detective Roger Murphy | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#15] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from his account in accordance with this order. The Clerk shall send a copy of this order to the Inmate Trust Accounts Office at Pontiac Correctional Center. On initial review pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff's proposed amended complaint [#14] states a claim. The Clerk is directed to issue summons for Defendant Murphy and the U.S. Marshals Service is ordered to serve him. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motions for appointment of counsel [##4, 16] are denied.

■ [For further details see text below.]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, presently in state custody at Pontiac Correctional Center, has submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging violation of his rights under the U.S. Constitution. More specifically Plaintiff alleges that on August 23, 2011, Defendant Murphy subjected him to false arrest and false imprisonment. Plaintiff alleges that he was on a CTA train and was reported to the police by a prior crime victim. He was arrested and charged with harassment of the CTA worker who had testified against him in the trial that sent him to prison four years prior. Plaintiff alleges that his arrest was without probable cause.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at Pontiac Correctional Center shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the proposed amended complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Murphy for false arrest. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the amended complaint.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

      The Clerk shall issue summons forthwith to Defendant Murphy (hereinafter, "Defendant"), and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

      The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on his behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      The Court denies Plaintiff's motion for appointment of counsel, without prejudice to later renewal. Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after Defendant responds to the complaint.